**Electronically Filed
Intermediate Court of Appeals
30502
19-SEP-2011
08:06 AM**

NO. 30502

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BLUE LEALAO, aka Boy Blue Lealao, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1341)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)

Defendant-Appellant Blue Lealao, also known as Boy Blue Lealao (Lealao), appeals from the April 20, 2010, Amended Judgment of Conviction and Sentence (Amended Judgment) that was entered by the Circuit Court of the First Circuit (Circuit Court).[1] Lealao was charged by indictment with first degree assault. A jury found Lealao guilty of the lesser included offense of second degree assault, in violation of Hawaii Revised Statutes (HRS) § 707-711 (Supp. 2008).[2] The Circuit Court

_____

[1] The Honorable Michael A. Town presided.

[2] HRS § 707-711 provides in relevant part:

     (1)    A person commits the offense of assault in the second degree if:

     (a)    The person intentionally or knowingly causes substantial bodily injury to another;

     (b)    The person recklessly causes serious or substantial bodily injury to another[.]

sentenced Lealao to five years of incarceration to be served concurrently with any other sentence Lealao may be serving.

On appeal, Lealao argues that: (1) the Circuit Court erred in admitting Lealao's statement that Lealao "had made a big mistake," which he made to the niece of the complaining witness (CW); (2) the Circuit Court erred in denying Lealao's request for a jury instruction on mutual affray; (3) there was insufficient evidence to support the jury's verdict; and (4) Lealao's conviction should be vacated because his trial counsel provided ineffective assistance. We affirm the Circuit Court's Amended Judgment.

I.

A.

Chelcey Lealao (Chelcey) and her husband Bob Lealao, Jr. (Bob) held a birthday party for their infant son at the ʻĀhuimanu Clubhouse in Kahaluʻu. The CW and Lealao were both guests at the party, but did not know each other. The CW is Chelcey's uncle and Lealao is Bob's uncle. At the time of trial, which was about 18 months after the charged incident, the CW was 45 years old, five feet five inches tall, and weighed 165 pounds, and Lealao was 47 years old, about 6 feet tall, and weighed about 310 pounds. Both the CW and Lealao had been drinking beer at the party.

The CW and Virgilo Tamayo (Tamayo) were friends. The CW went to the parking lot when he heard that his son and Tamayo's son were involved in a confrontation. At the parking lot, the CW got into a verbal argument with Tamayo, which attracted a crowd. The CW was "agitated" and was "bouncing up and down[.]"

Bob heard the CW and Tamayo arguing and went to break up the argument. Bob got in between the CW and Tamayo to split them apart. Bob testified that the CW pushed him, which caused Bob to take a few steps back, and the CW told Bob to "get off me." Bob stated that he did "not really" feel threatened when

2

the CW pushed him, but that he was "pretty sure" it would have looked like he was being threatened to someone watching.

The CW and Tamayo continued arguing for about another minute, and then Lealao hit the CW. Witnesses did not see Lealao say anything to the CW, or see the CW turn towards Lealao, before Lealao struck the CW in the face. The CW did not see who hit him. The CW fell to the ground, lost consciousness for about twenty to thirty minutes, and was bleeding from the back of the head. Tamayo called 9-1-1, and when the police arrived, the CW was still unconscious.

The CW suffered a fractured jaw, a laceration to the back of his head of just under two inches that required stitches, and a serious concussion. As a result of the jaw fracture, CW's jaw was wired shut for nineteen days, and his jaw remained restricted by elastic bands for another six weeks. The CW was not able to chew solid foods for about eight weeks. Christopher Johnson, M.D., an emergency room doctor who treated the CW, opined that the CW's injuries created a serious risk of death and that the CW's jaw fracture caused a protracted loss or impairment of a bodily member or organ, in that it impaired his ability to eat.

B.

Lealao testified that he heard yelling in the parking lot and saw his nephew Bob in between the CW and Tamayo, two people Lealao did not know. According to Lealao, he went to the parking lot because he was concerned for Bob's safety. When Lealao was walking to the parking lot, he was hit on the right side, which caused his nose to bleed. Lealao did not see who hit him. Lealao then saw the CW push Bob. Bob stepped back, and the CW was jumping up and down. Lealao swung one time at the CW. Lealao swung because he was concerned that the CW would "go after" Bob. After Lealao struck the CW, Bob pushed and held Lealao back, and the police came and arrested Lealao.

Dr. Johnson, who treated both the CW and Lealao, testified that Lealao suffered a nose injury, consisting of

3

"swelling and tenderness to the region of the nasal ridge, the top of the nose, that would be consistent with either a contusion or fracture of the nose." Dr. Johnson further testified that the nose injury was consistent with being hit in the face, and that Lealao also had abrasions on the inside of his lip.

II.

We resolve Lealao's arguments on appeal as follows:

A.

1.

The Circuit Court did not err in admitting Lealao's statement to Chelcey that he "had made a big mistake." Prior to trial, Lealao filed a motion in limine to exclude statements of condolence that he made. According to the prosecution, Lealao had spoken to Chelcey on the phone, and Lealao had "indicated over and over that he wanted to apologize to [Chelcey] and her family; that he's sorry for what happened; [and] he made a big mistake[.]" This phone conversation took place long after the charged incident and shortly before the scheduled trial date.

The Circuit Court applied Hawaii Rules of Evidence (HRE) Rule 409.5 (Supp. 2010)[3/] and ruled that the only portion

---

[3/] HRE Rule 409.5 provides:

  Evidence of statements or gestures that express sympathy, commiseration, or condolence concerning the consequences of an event in which the declarant was a participant <u>is not admissible to prove liability for any claim growing out of the event. This rule does not require the exclusion of an apology or other statement that acknowledges or implies fault even though contained in, or part of, any statement or gesture excludable under this rule.</u>

(Emphasis added.) The commentary to HRE Rule 409.5 provides:

  This rule, shielding expressions of "sympathy, commiseration, or condolence," resembles measures recently adopted in several sister states. <u>See, e.g.</u>, CA Evid. Code § 1160, excluding expressions of "sympathy or a general sense of benevolence." The rule favors expressions of sympathy as embodying desirable social interactions and contributing to civil settlements, and the evidentiary exclusion recognizes that the law should "facilitate or, at least, not hinder the possibility of this healing ritual." Robbennolt, Apologies and Legal Settlement: An Empirical Examination, 102 Mich. L. Rev. 460, 474 (2003). The Hawaii legislature also stated: "Your committee finds it

(continued...)

4

of Lealao's statement to Chelcey that it would allow the prosecution to introduce was the statement, "I made a big mistake." The Circuit Court stated:

> Okay, I'm going to allow in "I made a big mistake." That's all. That's the only part of that that I'm going to let in. The rest look like sympathy. And I understand the position that may create a record for appeal but seems to me that's more than -- than sympathy, commiseration, or condolences in the context. . . .
>
> . . . .
>
> [H]e says, "I'm so sorry for what happened" -- referencing this incident and that I might not let in, but he says, "I made a big mistake." To me, that's beyond just saying ["]I'm sorry for what happened. My condolences.["]

At trial, Chelcey testified that during a phone conversation with Lealao "about a week-and-a-half ago," while discussing the incident in which her uncle, the CW, was injured, Lealao indicated that Lealao had made a big mistake. According to Chelcey, Lealao said this approximately four times.

                                    2.

We conclude that Lealao's statement that he had made a big mistake was relevant and admissible as probative evidence of his consciousness of guilt and that his use of force was not justified. See HRE Rule 401 (1993). It was for the jury to decide what weight to give to this evidence.

Lealao's reliance on State v. Canady, 80 Hawai'i 469, 911 P.2d 104 (App. 1996), is misplaced. In Canady, this court concluded that evidence that the defendant wanted to apologize to the alleged victim, along with other unchallenged evidence, was

---

3/ (...continued)
appropriate to allow individuals and entities to express sympathy and condolence without the expression being used . . . to establish civil liability". Senate Standing Committee Report No. 1131, March 21, 2007.

Whether a challenged utterance amounts to an expression of sympathy or an acknowledgment of fault will be entrusted to the sound discretion of the trial court under rule 104(a). In making this determination, the court could consider factors such as the declarant's language, the declarant's physical and emotional condition, and the context and circumstances in which the utterance was made.

(Emphasis added).

5

insufficient to support the defendant's conviction for abuse of a family or household member. Id. at 475, 911 P.2d at 110. However, evidence may be relevant and admissible without being sufficient to establish a material element of a charged offense. See State v. Wallace, 80 Hawaiʻi 382, 409-10, 910 P.2d 695, 722-23 (1996).

The Circuit Court determined that Lealao's statement that he made a big mistake was not excludable under HRE Rule 409.5. We cannot say that the Circuit Court abused its discretion in making this determination.[4]

B.

The Circuit Court did not err in denying Lealao's request for a jury instruction on mutual affray. There was no evidence that Lealao hit the CW during "a fight or scuffle entered into by mutual consent[.]" HRS § 707-712(2) (1993). The CW was not engaged in a confrontation with Lealao prior to being punched by Lealao. Lealao testified that he was hit on his way to the parking lot, but Lealao did not see who hit him, and there is no indication that Lealao had been hit by the CW.

Moreover, any error in the Circuit Court's failure to give a mutual affray instruction was harmless beyond a reasonable doubt. Mutual affray is a mitigating defense to third degree assault. Because Lealao was convicted of second degree assault, any error in the instructions pertaining to the lesser included offense of third degree assault, including the failure to give a mutual affray instruction, was harmless beyond a reasonable doubt. See State v. Haanio, 94 Hawaiʻi 405, 415-16, 16 P.3d 246, 256-57 (2001).

C.

There was sufficient evidence to support the jury's verdict. When viewed in the light most favorable to the

---

[4] It is not clear that HRE Rule 409.5 applies to criminal cases. HRE Rule 409.5 and its commentary, see footnote 3, supra, indicate that the rule may be directed at the admissibility of evidence in civil cases. For purposes of our analysis in this case, we assume without deciding that HRE Rule 409.5 is applicable.

prosecution, see State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981), there was substantial evidence to prove the essential elements for second degree assault.  There was also substantial evidence to negate Lealao's claims of self-defense and the defense of others.

D.

Lealao fails to meet his burden of proving that his trial counsel provided ineffective assistance.  See State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998).  Lealao contends that his trial counsel was ineffective because counsel: (1) did not vigorously pursue all defenses available to Lealao, including asserting a theory of self-defense; (2) did not call all witnesses requested by Lealao, including Tracy Schweitzer, Lealao's girlfriend, who would have substantiated Lealao's version of events; and 3) did not introduce Lealao's medical records at trial or otherwise adequately raise the injuries Lealao sustained before he struck the CW.

Trial counsel defended Lealao at trial by arguing that Lealao's conduct was justified because he was acting in self-defense and in the defense of others.  The record does not support Lealao's contention that his trial counsel failed to vigorously pursue all defenses available to Lealao.  The absence of affidavits or sworn statements from Schweitzer and from any other witness Lealao claims his trial counsel failed to call that describes their anticipated testimony is fatal to Lealao's claim that his trial counsel was ineffective for failing to call witnesses.  See State v. Fukusaku, 85 Hawai'i 462, 481, 946 P.2d 32, 51 (1997).  While trial counsel did not introduce Lealao's medical records, trial counsel adduced evidence of Lealao's injuries through the testimony of Dr. Johnson and Lealao's own testimony.  Lealao did not meet his burden of showing that his trial counsel was ineffective for failing to adequately raise Lealao's injuries.

We note that appellate counsel was not appointed until after the notice of appeal was filed.  Therefore, appellate

counsel did not have the opportunity to develop a record to support Lealao's claims of ineffective assistance of counsel. Our rejection of Lealao's claims of ineffective assistance of counsel is without prejudice to Lealao's developing an adequate record to support an ineffective assistance of counsel claim in subsequent proceedings under Hawai'i Rules of Penal Procedure Rule 40. See State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592-93 (1993).

III.

We affirm the April 20, 2010, Amended Judgment of the Circuit Court.

DATED: Honolulu, Hawai'i, September 19, 2011.

On the briefs:

Lars Robert Isaacson
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Lawrence M Reifurth*
Associate Judge

*Fujise*
Associate Judge

8